IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01708-LTB

RONALD DEAN GRAFF,

    Plaintiff,

v.

BOBBY BONNER, Warden, KCCC/CCA,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Ronald Dean Graff, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  He filed *pro se* on September 24, 2013, a motion titled "Motion for Relief From Judgment" (ECF No. 26) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Court must construe the motion liberally because Mr. Graff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion for relief from judgment will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed mor e than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Graff's motion was filed thirty-two days after the Court's Order of Dismissal and Judgment were entered on August 23, 2013. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

On August 23, the Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Mr. Graff's failure to cure within the time allowed all the deficiencies designated in the order to cure of June 28, 2013. The August 23 dismissal order discusses in detail the reasons for the dismissal. *See* ECF No. 23.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the motion and the entire file, the Court finds that Mr. Graff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Relief From Judgment" (ECF No. 26) that Plaintiff, Ronald Dean Graff, filed *pro se* on September 24, 2013, and which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  25th  day of     October     , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court